UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------- X
ODEAN BANKS,                                                :
                                                            :
                 Plaintiff,                                 :
                                                            :     **MEMORANDUM DECISION AND**
        -against-                                    :     **ORDER**
                                                            :
BOY SCOUTS OF AMERICA and                                   :     20-cv-0878 (BMC)
BOY SCOUTS OF AMERICA, Pack 494,                            :
                                                            :
                 Defendants.                                :
----------------------------------------------------------- X

**COGAN**, District Judge.

    Plaintiff brought this action in the Supreme Court for the State of New York, Kings County, against defendants, Boy Scouts of America ("BSA") and BSA, Pack 494, alleging that he was sexually abused by a BSA Scoutmaster many years ago. Defendants' notice of removal alleges that the instant action is one of more than 274 similar civil actions currently pending in various state and federal courts across the country that assert personal injury tort claims against the BSA and other co-defendants arising from the alleged abuse of children. It further asserts that on February 18, 2020, the BSA and Delaware BSA, LLC, an affiliated non-profit corporation, each filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware.[1] Defendants removed this case under 28 U.S.C. § 1452(a), invoking this Court's bankruptcy jurisdiction under 28 U.S.C. § 1334(b).

    The notice of removal also recites that defendants have filed a nationwide transfer motion in the United States District Court for the District of Delaware under 28 U.S.C. § 157(b)(5), seeking an order from that court transferring all of the abuse claims to that district. That seems

---

[1] Case No. 20-10343.

highly likely to be granted since it would be inimical to the Chapter 11 process to require the debtors to litigate 274 personal injury claims in nearly as many courts across the country. Accordingly, I ordered plaintiff to show cause why I should not transfer the case to the District of Delaware rather than awaiting a disposition of the nationwide transfer motion.

Notwithstanding plaintiff's failure to respond to the Order to Show Cause, I conclude that the appropriate remedy is to stay this action pending disposition of the nationwide transfer motion by the Delaware District Court. Section 362(a)(1) of the Bankruptcy Code, 11 U.S.C. § 362(a)(1), makes it clear that the automatic stay applies to this action, and Section 157(b)(5) of the Judicial Code, 28 U.S.C. § 157(b)(5), makes it equally clear that it is within the discretion of the district court where the Chapter 11 case is pending to determine whether personal injury cases like this one should be tried in the venue in which they were commenced or where the Chapter 11 case is pending.

Accordingly, this case is stayed pending further order of the district court for the District of Delaware. The Clerk of the Court is directed to mark this case as closed for administrative purposes. It will be reopened upon any party's submission of an order from the Delaware district court determining the venue issue.

**SO ORDERED.**

                                                                                 U.S.D.J.

Dated: Brooklyn, New York
       March 3, 2020